United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY MIKAEL LOVISONE,<br>Plaintiff,<br>v.<br>CITY OF CLEARLAKE, et al.,<br>Defendants. | Case No. 26-cv-00988-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 9 |

Before the Court is Defendants Konocti Unified School District and Dr. Becky Salato's ("School District Defendants") motion to dismiss and strike Plaintiff Ty Lovisone's complaint. ECF No. 9. The Court will grant the motion.

## I. BACKGROUND

The following facts are alleged in the complaint. Lovisone is a seventeen-year-old high school student who was wrongfully arrested and incarcerated because of threatening emails sent from his school-issued email account, which "referenced a 'school drill' and included language interpreted as a threat to 'shoot up' a local high school." ECF No. 1 ¶¶ 1, 17. "[O]fficials of the Konocti Unified School District escalated the discovery of [those messages] into an immediate criminal emergency, without first confirming authorship, intent, or access, and without employing any school-based safeguards appropriate for a minor." *Id.* ¶¶ 1, 2. Specifically, "Dr. Becky Salato, as Superintendent of Konocti Unified School District, was alerted to the flagged emails in the early morning hours and personally contacted law enforcement requesting police intervention." *Id.* ¶ 18.

Officers, including City of Clearlake Police Officer Eagle, "proceeded to Plaintiff's residence, searched the room where he was staying, and, despite finding no firearm and no

corroborating evidence tying Plaintiff to the alleged emails, arrested him based on speculation and assumption." *Id.* ¶ 2. Lovisone explained that firearms were prohibited at the residence, but officers did find a round of live ammunition and ear protection. *Id.* ¶ 19. "At no point did officers verify whether Plaintiff authored the emails, whether the account had been compromised, or whether a third party could have generated the message." *Id.*

Lovisone was confined at juvenile hall for several days even though he had no prior criminal history, history of violence, or disciplinary record. *Id.* ¶ 3. He alleges that school officials and law enforcement officers abandoned their duties to verify claims through "careful assessment" and "basic investigative steps," resulting in "an unconstitutional seizure that inflicted lasting psychological, educational, and reputational harm on Plaintiff." *Id.* ¶ 4.

The complaint, filed on January 30, 2026, brings claims under 42 U.S.C. § 1983 and state law. Lovisone sues Eagle and Salato for unreasonable search and seizure, unlawful arrest, and deprivation of liberty without probable cause in violation of the Fourth Amendment of the U.S. Constitution (claims one and two)[1], ECF No. 1 ¶¶ 35–36, 43–45; all defendants for false arrest and false imprisonment under California common law (claims three and four), *id.* ¶¶ 50–51, 54–55; all defendants for assault and battery (claims five and six), *id.* ¶ 57, 59; all defendants for negligence under California common law and California Government Code Sections 815, 815.2, and 820 (claim seven), *id.* ¶¶ 61–64; all defendants for intentional infliction of emotional distress (claim eight), *id.* ¶¶ 66–68; and all defendants for violation of the Bane Act, Cal. Civ. Code § 52.1 (claim nine), *id.* ¶¶ 70–71.

School District Defendants filed their motion to dismiss on March 13, 2026. ECF No. 9. Lovisone filed his opposition on March 22, 2026, ECF No. 13, and School District Defendants replied on April 3, 2026, ECF No. 21.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

[1] Although stated separately, the first and second claims appear to rely on an identical cause of action and target identical conduct. *See* ECF No. 1 ¶¶ 33–48.

United States District Court
Northern District of California

## III. LEGAL STANDARD

School District Defendants move to dismiss or strike under Federal Rules of Civil Procedure 8(a), 12(b)(1), 12(b)(6), and 12(f).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, mere legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79.

"Dismissal under Rule 12(b)(6) is appropriate . . . where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

A complaint must be dismissed under Rule 12(b)(1) where it fails to adequately allege a basis for this Court to exercise subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Finally, Rule 12(f) provides that a court "may strike from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

**IV. REQUEST FOR JUDICIAL NOTICE**

In their motion, School District Defendants request judicial notice of the claim form that Lovisone served on the District on January 8, 2026. ECF No. 9-1 at 2. The complaint alleges that, in compliance with the California Government Claims Act, Lovisone "timely presented written administrative claims on December 17, 2025, to all relevant public entities arising out of the incident alleged herein." ECF No. 1 ¶ 16. School District Defendants seek judicial notice of the document to show "that [P]laintiff's allegations in the complaint regarding his purported compliance with the claims procedure are inaccurate and insufficient as a matter of law." ECF No. 9-1 at 2.

"The [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). In addition, the Court may incorporate by reference and thus treat a document as part of the complaint for purposes of a motion to dismiss, even where the plaintiff did not attach that document to the complaint, if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citing *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994)); *see also Bhatia v. Silvergate Bank*, 725 F. Supp. 3d 1079, 1101 (S.D. Cal. 2024).

Both doctrines support consideration of the claim form. Sister courts have found that claim documents filed with school districts are records of state agencies not subject to reasonable dispute. *See I.S. v. Riverside Unified Sch. Dist.*, No. EDCV 23-1505-JGB, 2023 WL 11877256, at *1 n.1 (C.D. Cal. Sept. 7, 2023); *see also Duero-Young v. City of Oceanside*, No. 3:18-cv-01569-H-MDD, 2018 WL 4680128, at *6 n.3. (S.D. Cal. Sep. 27, 2018). In addition, the complaint references and relies on the existence of the claim form, ECF No. 1 ¶ 16, and Lovisone does not question its authenticity, ECF No. 13 at 9–10, 14.

Lovisone opposes the request for judicial notice on the grounds that "a court may take judicial notice of the existence of public records, but not of the truth of disputed facts contained

within those records." ECF No. 13 at 9 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001)). He asserts that Defendants "seek to rely on [the claim document] to assert a competing factual narrative, one that minimizes their role, reframes their conduct as benign, and disputes Plaintiff's allegations regarding causation and constitutional violations." *Id.* This framing is inaccurate and unresponsive to the request for judicial notice, which seeks consideration of the claim form for the narrow purpose of establishing that Lovisone did not comply with the applicable claims procedure. ECF No. 9-1 at 2. Judicial notice is granted.

## V. DISCUSSION

School District Defendants' motion to dismiss raises several arguments, including that the Eleventh Amendment bars any claims against the school district and Salato in her official capacity from being heard in this Court; that the alleged constitutional violations cannot be attributed to Salato; that Noerr-Pennington doctrine bars all claims against Salato and the District because they are based on Salato's conduct in communicating with police; that various statutory immunities bar Lovisone's state law claims; and that Lovisone failed to comply with the California Government Claims Act. Lovisone's sparse opposition does not address most of these arguments. *See* ECF No. 13. For the following reasons, School District Defendants are dismissed from this case with prejudice.

### A. Eleventh Amendment Immunity

School District Defendants argue that the District and Salato in her official capacity are protected by Eleventh Amendment immunity. ECF No. 9 at 17–19.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "States are protected by the Eleventh Amendment from suits brought by citizens in federal court." *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir.), *amended*, 271 F.3d 910 (9th Cir. 2001) (citing *Hans v. Louisiana,* 134 U.S. 1, 15 (1890)). California school districts are state agencies for purposes of the Eleventh Amendment. *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992) (holding that California

school districts are protected by the Eleventh Amendment under the relevant five-factor test, including because a judgment against a school district would be satisfied out of state funds and "under California law, the school district is a state agency that performs central governmental functions"); *see also Corales v. Bennett*, 567 F.3d 554, 573 (9th Cir. 2009) (holding that the Eleventh Amendment bars claims against a defendant school district for federal and state law civil rights violations); *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 934 (9th Cir. 2017) (reaffirming *Belanger* in light of intervening changes to California state law). "Further, because a suit against a state actor in his official capacity is no different from a suit against the state itself, the Eleventh Amendment also bars damages actions against state officials in their official capacity." *Guevarra v. Seton Med. Ctr.*, No. C 13-2267 CW, 2013 WL 6235352, at *5 (N.D. Cal. Dec. 2, 2013), *aff'd,* 642 F. App'x 683 (9th Cir. 2016) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 90 (1989)). All claims against the District and Salato in her official capacity are therefore barred by the Eleventh Amendment.

In his opposition to the motion to dismiss, Lovisone asserts only that "[t]he Ninth Circuit has held that California school districts are not arms of the state for purposes of sovereign immunity," citing *Belanger*, which held to the contrary. ECF No. 13 at 13.[2] Lovisone's counsel is admonished not to misrepresent governing law. *See* Cal. R. Prof. Resp. 4.1.

Salato is sued "individually and in her official capacity." ECF No. 1 ¶ 14. The Eleventh Amendment does not bar claims against Salato in her individual capacity. *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992), *as amended* (Oct. 9, 1992).[3] However, all state and federal claims against the school district and Salato in her official capacity are barred by the Eleventh Amendment. Because no additional facts would allow Lovisone to evade the Eleventh Amendment, dismissal is with prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility

---

[2] "An analysis of the five *Mitchell* factors demonstrates that the school district in this case is a state agency for purposes of the Eleventh Amendment." *Belanger*, 963 F.2d at 251.

[3] School District Defendants characterize the Section 1983 claims as naming Salato only in her official capacity because the complaint describes her as "acting in the performance of [her] official duties." ECF No. 9 at 19–20. The Court disagrees that this passage, which appears intended to show that Salato acted "under color of state law" within the meaning of Section 1983, suffices to forego individual-capacity claims against her. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

of amendment justifies denying leave to amend).

**B. Claims Against Salato in Her Individual Capacity**

**1. All Claims: Noerr-Pennington Doctrine**

Under the Noerr–Pennington doctrine, those who petition all departments of the government for redress are generally immune from liability. *Empress LLC v. City & Cnty. of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005) (citing *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1092 (9th Cir. 2000)). "Although the Noerr–Pennington doctrine originally immunized individuals and entities from antitrust liability, Noerr–Pennington immunity now applies to claims under § 1983 that are based on the petitioning of public authorities." *Id*. In fact, because Noerr–Pennington "is based on and implements the First Amendment right to petition," it "applies equally in all contexts." *White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000) (citing *Manistee Town Center*, 227 F.3d at 1092). "Noerr immunity bars any claim, federal or state, common law or statutory, that has as its gravamen constitutionally-protected petitioning activity." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 956 (S.D. Cal. 1996).

"[T]he public policies served by ensuring the free flow of information to the police, although somewhat different from [the First Amendment interests] served by Noerr-Pennington, are equally strong." *Forro Precision, Inc. v. Int'l Bus. Machines Corp.*, 673 F.2d 1045, 1060 (9th Cir. 1982). The Ninth Circuit therefore holds that the doctrine applies to communications with law enforcement. *Id*. ("It would be difficult indeed for law enforcement authorities to discharge their duties if citizens were in any way discouraged from providing information. We therefore hold that the Noerr-Pennington doctrine applies to citizen communications with police.").

In his opposition, Lovisone does not address the School District Defendants' Noerr–Pennington argument. He has therefore forfeited any response. *See Jones v. Dollar Tree Stores, Inc.*, No. CV 21-7441 PA (PVCX), 2021 WL 6496822, at *7 (C.D. Cal. Nov. 4, 2021) ("Failure to address an argument raised in a motion to dismiss constitutes waiver of that argument."); *Salois v. Medifast, Inc.*, No. 17CV1810-GPC (NLS), 2018 WL 1083466, at *6 (S.D. Cal. Feb. 28, 2018) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate.").

The Court is not aware of cases applying *Forro*'s police-communications holding to Section 1983 or other non-antitrust claims. The paucity of case law on this point may be explained by the fact that those making reports to police are usually not government officials, meaning that Section 1983 claims against them may be barred by the state actor requirement. *See Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) ("[M]erely complaining to the police does not convert a private party into a state actor."). In light of the clear holdings from *Empress* and *Forro*, however, the Court concludes that the School District Defendants have met their burden. As School District Defendants argue, Lovisone's Section 1983 and state law claims against Salato in her personal capacity are barred by Noerr-Pennington and therefore dismissed. ECF No. 9 at 21–22, 27.

**2. Section 1983 Claims: Failure to Allege Facts Establishing Liability**

School District Defendants argue that the complaint is bereft of facts sufficient to establish Salato's liability under Section 1983 for the harm Lovisone allegedly suffered. ECF No. 20–21. Indeed, the complaint alleges only that Salato reported threatening emails to law enforcement. See ECF No. 1 ¶ 18. It does not allege that she made the decision to search Lovisone's living space, arrest, or detain him, or that she was present or otherwise positioned to intervene during these events. *See generally id*. It does not allege that Salato passed on untruthful information to law enforcement. *Id*. Lovisone responds that he alleges "far more": "that Defendants escalated an unverified allegation, framed it as an emergency, and triggered a law enforcement response without conducting basic verification." ECF No. 13 at 12.

"Section 1983 has a causation requirement, with liability extending to those state officials who 'subject[ ], or cause[ ] to be subjected,' an individual to a deprivation of his federal rights." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id*. (quoting *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978)).

Lovisone asserts, in a conclusory fashion, that "[i]t was entirely foreseeable" that Salato's

United States District Court
Northern District of California

conduct in "escalating" without "verifying authorship," "assessing credibility," or "conducting a reasonable investigation" would "result in a law enforcement response and the deprivation of Plaintiff's liberty." ECF No. 13 at 12. But nowhere does the complaint explain how Salato "escalated" anything beyond reporting the threatening emails to police. In addition, neither the complaint nor Lovisone's brief in opposition supplies factual allegations or legal argumentation that could allow the Court to conclude that Salato "reasonably should [have] know[n]" that reporting the threatening emails to law enforcement would lead officers to violate Lovisone's Fourth Amendment rights. *Cf. Palmer v. I.R.S.*, 116 F.3d 1309, 1311 (9th Cir. 1997) (applying the presumption that government officials act in compliance with the law).

The Ninth Circuit has repeatedly concluded that a private individual reporting a crime to law enforcement does not act jointly with law enforcement for the purpose of satisfying Section 1983's "under color of state law" requirement. *See Collins*, 878 F.2d at 1155; *Rivera v. Green*, 775 F.2d 1381, 1384 (9th Cir. 1985); *Arnold v. IBM Corp.*, 637 F.2d 1350, 1357 (9th Cir. 1981). While the complaint names Salato as not a private individual but a state official acting in her individual capacity, a similar logic applies to her actions. In reporting the threatening emails to law enforcement, without more, she did not become liable under Section 1983 for the subsequent allegedly unconstitutional acts of law enforcement officers. For this additional reason, the Section 1983 claims against Salato are dismissed.

**3. State Claims: State Statutory Immunities**

School District Defendants claim the protection of state statutes conferring immunity under certain circumstances. Lovisone effectively forfeits any opposition to these arguments, stating in his brief only that "Defendants' reliance on statutory immunities raises factual questions regarding the nature of their conduct and the scope of their duties. Such issues cannot be resolved at the pleading stage." ECF No. 13 at 14. He offers no further explanation and does not identify any unsettled factual questions upon which the applicability of these immunity statutes might depend. In addition, he relies on a case—*Ogborn v. City of Lancaster*, 101 Cal. App. 4th 448, 457 (2002)—that does not support his position, as it found that various immunities did apply, but at the summary judgment stage. Here, the allegations in the complaint are sufficient to establish that two

statutory immunities apply.

**a. California Educational Code § 49390–95**

First, Salato's alleged conduct is protected by California Education Code Section 49395. School officials are required to immediately report any "threat or perceived threat" to law enforcement. Cal. Educ. Code § 49393(a). Threats include "any writing or action of a pupil that creates a reasonable suspicion that the pupil is preparing to commit a homicidal act related to school or a school activity." Cal. Educ. Code § 49390(e). Here, the complaint alleges that "school monitoring-systems flagged emails associated with a school-issued student account and treated those emails as an imminent criminal threat." ECF No. 1 ¶ 17. "The messages referenced a 'school drill' and included language interpreted as a threat to 'shoot up' a local high school." *Id.* This language satisfies the statutory definition of a threat.

"A local educational agency . . . is immune from civil liability for any damages allegedly caused by, arising out of, or relating to the requirements of this article." Cal. Educ. Code § 49395. The claims against School District Defendants all arise out of Salato's conduct reporting the threatening emails to police. *See* ECF No. 1 ¶¶ 18, 22, 33–71.

The Court has not located any published California or federal case addressing the scope of Section 49395, which became effective in 2023. In addition, for the reasons explained above, this Court did not have the benefit of oppositional briefing because of Lovisone's failure to address these immunity grounds. Nonetheless, the Court observes that the plain text of the statute suggests that it applies to the school district, but not necessarily to Salato. The Court therefore concludes that Section 49395 provides an additional ground for dismissing all claims against the school district.

**b. California Civil Code 47(b)**

California Civil Code Section 47(b) creates an "absolute privilege . . . protect[ing] citizens from the threat of litigation for communications to government agencies whose function it is to investigate and remedy wrongdoing." *Hagberg v. Cal. Fed. Bank*, 32 Cal. 4th 350, 362 (2004) (quoting *Wise v. Thrifty Payless, Inc.*, 83 Cal. App. 4th 1296, 1303 (2000)). "The privilege is based on the importance of providing to citizens free and open access to governmental agencies

for the reporting of suspected illegal activity." *Id*. It covers statements made to law enforcement personnel reporting suspected criminal activity, which "can be the basis for tort liability only if the plaintiff can establish the elements of the tort of malicious prosecution." *Id*. at 355; *see also Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1258 (9th Cir. 2008) (citing *Hagberg* and finding that a call to police was "privileged under state law and thus cannot be the basis for tort liability").

Lovisone's claims three through eight all allege tort causes of action. As to School District Defendants, whose alleged liability is based on Salato's communication to law enforcement, those claims are barred by Section 47(b).

The ninth claim asserts a cause of action under California's Bane Act. While at least one court has assumed that Section 47(b) reaches Bane Act claims, *see Koch v. City of Los Angeles*, No. 2:23-cv-07714-CAS PDx, 2025 WL 1568283 (C.D. Cal. Jun. 2, 2025), others have declined to do so, *see Redick v. Lowe's Home Centers, LLC*, No. 121CV00358NONESABPC, 2021 WL 3418728, at *4, 6 (E.D. Cal. Aug. 5, 2021), and still others have noted explicitly that the law is unsettled, *see Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 999 (E.D. Cal. 2010). Because School District Defendants have identified neither argument nor persuasive authority establishing that the Section 47(b) privilege applies to Bane Act claims, this Court declines to decide that question of state law.

Claims three through eight against Salato are dismissed for the additional reason that they are barred by Section 47(b).

**4. State Claims: California Government Claims Act ("CGCA")**

Under the California Government Claims Act, formerly referred to as the California Tort Claims Act, "no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." Cal. Gov. Code §945.4; *see also Cnty. of Los Angeles v. Sup. Ct.*, 127 Cal. App. 4th 1263, 1267 (2005) ("[N]o person may sue a public entity or public employee for 'money or damages' unless a timely written claim has been presented to and denied by the public entity."). "The procedural requirements for claim

presentation are prerequisites to litigation against a local public entity or employee thereof based not only on tort liability, but on any claim for 'money or damages.'" *Gong v. City of Rosemead*, 226 Cal. App. 4th 363, 374 (2014). "[T]he failure to allege facts that either demonstrate or excuse compliance with the California Tort Claims Act will subject a state law claim to dismissal." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009).

Lovisone failed to satisfy the requirements of the statute because he filed the complaint before receiving a response and before the statutory response period elapsed. *See* Cal. Gov. Code § 945.4. Lovisone served a CGCA claim on the District on January 8, 2026. *See* ECF No. 9-1 at 5, 12. He filed his complaint 22 days later on January 30, 2026, but the statute provides the district with forty-five days to respond to a claim. ECF No. 1; Cal. Gov. Code §912.4(a). Although Lovisone alleges that he filed his claim on December 17, 2025, the court has taken judicial notice of the claim document itself, the authenticity of which is not disputed. "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Lovisone does not meaningfully respond to School District Defendants' CGCA argument. ECF No. 13 at 14. His state law claims are all barred because he filed the complaint prematurely and failed to comply with the CGCA.

**C. Leave to Amend**

Lovisone requests leave to amend "to provide additional factual detail" because the Ninth Circuit requires leave be "freely granted absent futility." ECF No. 13 at 14 (citing *Foman*, 371 U.S. at 182). Here, the Court has concluded that the Eleventh Amendment bars all claims against the District and Salato in her official capacity, over opposition from Lovisone consisting in a single case that supports the defendants' position. The Court also concluded that all claims against School District Defendants are barred by the Noerr-Pennington doctrine, which Lovisone did not contest. Lovisone likewise forfeited any opposition to School District Defendants' arguments that various state statutory immunities barred his state law claims. Finally, the claim document shows that Lovisone failed to comply with the CGCA. No amendment would allow Lovisone to evade application of the Eleventh Amendment, Noerr-Pennington, state immunity

statutes, and the CGCA as to School District Defendants. Leave to amend the complaint as to the School District Defendants is denied.[4]

**CONCLUSION**

The School District Defendants' motion to dismiss is granted with prejudice. The Clerk shall terminate Defendants Konocti Unified School District and Dr. Becky Salato from this action.

**IT IS SO ORDERED.**

Dated: October 16, 2026

JON S. TIGAR
United States District Judge

[4] Lovisone has already received leave to amend his complaint with respect to the remaining defendants, which is not affected by this order. *See* ECF No. 29.



United States District Court
Northern District of California